**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) BELGER CARTAGE SERVICE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _________________ |
| | ) | |
| (1) MATTHEW BINE and | ) | |
| (2) QUEEN BEE HONEY FARM, LLC, | ) | *Removed from the District Court* |
| | ) | *of Oklahoma County, Oklahoma* |
| Defendants. | ) | *Case No. CJ-2025-4829* |

**NOTICE OF REMOVAL**

Defendants Matthew Bine ("Bine") and Queen Bee Honey Farm, LLC ("Queen Bee") (collectively "Defendants"), file this Notice of Removal in accordance with 28 U.S.C. §§ 1331, 1367, and 1446, and remove this action from the District Court of Oklahoma County, Oklahoma (where it was filed as Case No. CJ-2025-4829) to the United States District Court for the Western District of Oklahoma. As the grounds for removal, Defendants state as follows:

1. On July 10, 2025, Plaintiff filed suit against Defendants in the District Court of Oklahoma County, State of Oklahoma. The case was assigned Case No. CJ-2025-4829 ("State Court Action").

2. The Summons and Petition were served on Defendants on August 21, 2025.

3. No answer, response, or entry of appearance has been filed by Defendants in the State Court Action. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446 because it is filed within thirty (30) days from service upon Defendants and within one (1) year of the commencement of the State Court Action.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it involves a federal question. Specifically, the Federal Motor Carrier Act and the Federal Carmack Amendment (which is part of the Interstate Commerce Commission Termination Act of 1995) provide a uniform system of carrier liability, which is the sole and exclusive remedy to shippers for loss of or damage to goods in interstate commerce. The Federal Carmack Amendment is codified in various sections of Title 49 of the United States Code, including particularly at 49 U.S.C. § 14706. Plaintiff is a carrier having United States Department of Transportation No. 64159.

5. Plaintiff's Petition alleges causes of action for Declaratory Judgment, Breach of Contract and Specific Performance that arise from the packaging, interstate transportation and delivery of certain equipment purchased by Defendants. In particular, Plaintiff's cause of action for Declaratory Judgment seeks a ruling on whether Plaintiff is obligated to pay Defendants for damage that occurred during the interstate transport of the equipment purchased by Defendants. The equipment at issue was purchased by Defendants in good condition from an Oklahoma Seller through an online auction. The equipment was then packaged and secured to a motor carrier truck in Oklahoma by Plaintiff for the purpose of interstate transportation and then transported from Oklahoma to Georgia by another motor carrier. Upon delivery of said equipment to the destination in Georgia it was discovered by Defendants that the equipment had been damaged. Because Plaintiff's Petition seeks a ruling on whether Plaintiff is obligated to pay Defendants for said damage, Plaintiff's Petition raises a federal question under the Carmack Amendment, namely 49 U.S.C. § 14706. Further, because the allegations and causes of action set forth in the

Petition all involve the interstate transportation of equipment by a carrier that is subject to the Federal Carmack Amendment, including registration with the U.S. Department of Transportation, Federal Motor Carrier Safety Administration, under 49 U.S.C. § 13901 *et seq*., this action involves a federal question and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. Removal is proper under 28 U.S.C. § 1331 due to federal question jurisdiction, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Therefore, the action may be removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

7. Removal of this action from Oklahoma County District Court to this Court is, therefore, proper under 28 U.S.C. § 1441 because this Court would have had original jurisdiction of the action under 28 U.S.C. § 1331 had the action been initially filed in this Court.

8. Written notice of filing of this Notice of Removal will be given to Plaintiff through its counsel of record in the State Court Action. Also, as required by 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the Clerk of the Oklahoma County District Court, the court in which the State Court Action was filed.

9. In accordance with 28 U.S.C. § 1446(a) and LCvR81.2, a copy of the Petition filed and served on Defendants in the State Court Action is attached to Defendants' Notice of Removal (Dkt. # 1), at **Exhibit 1**, and is incorporated herein by reference pursuant to Fed. R. Civ. P. 10(c).

10. In accordance with LCvR 81.2, a copy of the docket sheet in the State Court Action, current through the date of this filing, is attached to Defendants' Notice of Removal (Dkt. # 1), at **<u>Exhibit 2</u>**, and is incorporated herein by reference pursuant to Fed. R. Civ. P. 10(c).

11. By this Notice of Removal, Defendants do not waive any of their available defenses, all of which are expressly reserved, and Defendants do not admit to any of the allegations in Plaintiffs' Petition.

**WHEREFORE**, Defendants remove the State Court Action now pending in Oklahoma County District Court, to proceed in this Court as an action duly removed.

DATED: September 19, 2025

Respectfully submitted,

**DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.**

By: *s/D. Ward Hobson*

D. Ward Hobson, OBA No. 21698
Meagon R. Eagon, OBA No. 33165
210 Park Avenue, Suite 1200
Oklahoma City, Oklahoma 73102
Telephone: (405) 319-3500
Facsimile: (405) 319-3509
E-mail: whobson@dsda.com
E-mail: meagon@dsda.com
***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2025, I electronically filed the foregoing document with the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing.

I further certify that on September 19, 2025, I mailed the foregoing document to the counsel for Plaintiffs listed below:

Philip A. Schovanec, Esq.
Brian R. Matula, Esq.
FELLERS SNIDER
100 N. Broadway, Suite 1700
Oklahoma City, OK 73102
***Attorneys for Plaintiff***

*s/D. Ward Hobson*
D. Ward Hobson