CJ-25-4829
Ogden

*1062390228*

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| **BELGER CARTAGE SERVICE, INC.,** | ) | |
| **Plaintiff,** | ) | FILED IN DISTRICT COURT OKLAHOMA COUNTY |
| **v.** | ) | |
| | ) | **Case No.** JUL 10 2025 |
| **MATTHEW BINE and QUEEN BEE HONEY FARM, LLC,** | ) | RICK WARREN COURT CLERK 136 ____________ |
| **Defendants.** | ) | |

**PETITION** CJ - 2025 - 4829

**COMES NOW** Plaintiff, Belger Cartage Service, Inc. ("Plaintiff"), and for its claims against Defendants, Matthew Bine and Queen Bee Honey Farm, LLC ("Defendants"), states and alleges:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, Belger Cartage Service, Inc., is a Missouri corporation that conducts business in the State of Oklahoma.

2. Defendant, Matthew Bine, is an individual residing in the State of Georgia, but who conducts business in the State of Oklahoma, including by purchasing equipment then retaining Plaintiff to pack and ship said equipment, to the State of Georgia.

3. Defendant, Queen Bee Honey Farm, LLC, is a Georgia limited liability company that conducts business in the State of Oklahoma, including by purchasing equipment then retaining Plaintiff to pack and ship it, to the State of Georgia.

4. This Court has jurisdiction over the parties and this matter, and venue is proper in this County. In this regard, Defendants conducted business and purposefully availed themselves of the jurisdiction of the State of Oklahoma. Further, a substantial portion of events related to the



EXHIBIT
1

Work Order that is the subject of, and which led to this action, occurred in Oklahoma County, State of Oklahoma.

**FACTUAL BACKGROUND**

5. On or before April 24, 2025, Defendants purchased several items of equipment from Cosmetic Specialty Labs (the "Seller") in Lawton, Oklahoma, through an online auction conducted by Winternitz auction (the "Auction"). The items of equipment purchased included:

a. One (1) 20,000 lb. capacity Dock Plate;
b. One (1) 4,000 lb. capacity Westil Manuf. Stretcher Wrapper; and
c. Three (3) Videojet Model 1580 Ink Jet Coders (the Videojet Printers") (together the "Equipment").

6. On or about May 19, 2025, Defendants contacted Plaintiff in Oklahoma City, Oklahoma, requesting a quote for what Plaintiff would charge to travel to the Seller's location in Lawton, Oklahoma, and then plastic-wrap and load the equipment for transport to Defendants' home state of Georgia.

7. On or about May 19, 2025, Plaintiff provided a Work Order together Damage Waiver (the "Work Order") to Defendants which stated Plaintiff would "send crew to Lawton auction site, palletize 5 items on pallets for loading to transport on client's truck" (the "Job"). Plaintiff quoted an initial estimate of $3,848.00 based on an hourly rate, stating that the total amount of the billable hours would "stop when the team returns to Belger" and that a "[f]inal invoice will be billed at the Job Min or Actual Hours Worked, whichever is greater."

8. Defendants further agreed to the terms and conditions included with both the initial Work Order, as well as the work order provided to Plaintiff's agent prior to taking possession of the Equipment, both of which included a provision which states in pertinent part:

> With regard to such equipment or deliveries or work performed, Belger Cartage Service, Inc. is hereby relieved from any and all responsibility regardless of its own fault or negligence. . . . In connection with any claims made against Belger

> Cartage Service, Inc. arising out of deliveries made, equipment furnished, or work done in connection with this work order, the lessee hereby indemnifies Belger Cartage Service, Inc. in full (including attorney's fees). This indemnity to Belger Cartage Service, Inc. shall extend to and include any and all injuries to persons and any and all damage to the property which may occur on account of the negligence of Belger Cartage Service, Inc. (the "Terms and Conditions").

9. On or about May 21, 2025, Defendant agreed to Plaintiff's quote, as well as the Terms and Conditions, stating "I am assuming you need me to pay today so you can do the work. Please provide ACH information." Thus, the Work Order was negotiated then agreed to by Defendants, in Oklahoma City, Oklahoma.

10. On or about May 22, 2025, Plaintiff traveled to Lawton, Oklahoma, to perform the work provided for in the Work Order, after which Plaintiff traveled back to its place of business in Oklahoma City, Oklahoma.

11. On or about May 23, 2025, Plaintiff sent Defendants Invoice No. 811515 (the "Invoice") for the remaining balance of $1,688.50 owed by Defendants for the completion of the work contemplated by the Work Order.

12. On or about June 2, 2025, the Equipment arrived in Georgia and was picked up by Defendants. Thereafter, and only after receiving the foregoing Invoice, Defendants contacted Plaintiff to complain about the Invoice, and for the first time, claimed the Equipment had been damaged, as the result of the way Plaintiff had packaged the Equipment for shipping.

13. On July 1, 2025, Defendants sent a Demand for Refund and Damages wherein Defendants asserted that as the result of Plaintiff's negligence in shrink-wrapping and loading the three Videojet printers, they had been damaged in transit. Defendants demanded that Plaintiff make payment to Defendants in the amount of $49,848.00 for the following: (a) the damaged Videojet printers; (b) a refund for the amount originally paid to Plaintiff; and (c) for the attorney

fees Defendants claimed to have incurred. Defendants also demanded that Plaintiff withdraw its Invoice of $1,688.50 for the balance still owed by Defendants in connection with this job.

14. Not only did Plaintiff fully perform all work required under the Work Order, but it did so in a reasonable commercial manner. Further, the terms of the Work Order and Terms and Conditions provide that Plaintiff shall have no liability for any damage to the Equipment, particularly for any alleged negligence on Plaintiff's behalf.

15. By sending its Demand for Refund and Damages, Defendants have acted in a manner that is contrary to both the evidence and proof in this case, as well as the Work Order and related Terms and Conditions. Accordingly, Plaintiff now files this action to request the relief set forth below, including a declaration by the Court of the respective obligations or liability owed or existing between the parties to this action.

**FIRST CAUSE OF ACTION**
**(Declaration of Rights)**

16. Plaintiff realleges and incorporates by reference each and every material allegation in the foregoing paragraphs as if fully set forth herein.

17. When requesting that Plaintiff perform the work under the Work Order, Defendants agreed to the Terms and Conditions which expressly provide that Plaintiff shall have no liability for any damage to the Equipment, including as the result of Plaintiff's negligence.

18. Despite the foregoing, Defendants now demand that Plaintiff pay for damage which they allege occurred in transport, with no proof that it was Plaintiff's fault. Defendants also demand a complete refund of the amount paid or owed to Plaintiff under the Work Order.

19. Plaintiff disputes any obligation to pay these amounts, and as such, a present controversy and dispute exists concerning the parties' obligations and liabilities as they relate to the Videojet printers that were allegedly damaged during transport from Oklahoma to Georgia.

20. In order to diligently and properly resolve this present and existing controversy, Plaintiff seeks a declaration from this Court, pursuant to 12 O.S. § 1651, as to the parties' obligations and liabilities related to the work performed in connection with the Work Order, including a ruling on whether Plaintiff is obligated to pay Defendants for any damage that allegedly occurred during the transport of the Equipment. Plaintiff further requests an award of its attorney fees, costs, interest, and other damages incurred in connection with this matter, as well as all other and further relief deemed by the Court to be just and proper.

**SECOND CAUSE OF ACTION**
**(Breach of Contract)**

21. Plaintiff realleges and incorporates by reference each and every material allegation in the foregoing paragraphs as if fully set forth herein.

22. On or about May 19, 2025, Defendants agreed to the Work Order which provided that Defendants would pay the quoted price based on an hourly rate that would "stop when the team returns to Belger" and that a "[f]inal invoice will be billed at the Job Min or Actual Hours Worked, whichever is greater."

23. Although Defendants paid the initial estimated amount of $3,848.00, they have refused to pay the balance of $1,688.50 as billed to Defendants in the Invoice. As such, Defendants are in breach of the contractual obligations owed to Plaintiff, causing Plaintiff to incur damages, costs, and attorney fees in this case.

24. Plaintiff therefore requests that the Court enter judgment on its claim for Breach of Contract and for an award of damages in excess of $10,000.00, in an amount to be established at trial. Plaintiff further requests such other and further relief, including an award of attorney fees, costs, and interest, as deemed by the Court to be just and proper.

## THIRD CAUSE OF ACTION
**(Specific Performance)**

25. Plaintiff realleges and incorporates by reference each and every material allegation in the foregoing paragraphs as if fully set forth herein.

26. Defendants agreed to the Work Order which provided that Defendants would pay the quoted price of $3,848.00 plus the balance of $1,688.50 as billed to Defendants in the Invoice.

27. However, Defendants have refused to pay all amounts owed to Plaintiff and therefore are in breach of their contractual obligations owed to Plaintiff.

28. In addition, Defendants agreed to the Work Order and Terms and Conditions which expressly provide that Plaintiff shall have no liability for any damage, including any that may result from Plaintiff's negligence. Nevertheless, despite the Terms and Conditions, and despite having no proof or evidence that the Equipment was damaged as the result of Plaintiff's actions, they still demand that Plaintiff pay them for the alleged damage to the Equipment and to refund all amounts already paid to Plaintiff pursuant to the Work Order.

29. Plaintiff therefore requests that the Court enter judgment on this claim for Specific Performance requiring that Defendants specifically honor and perform all their duties and obligations under the Work Order and Terms and Conditions. Plaintiff further requests such other and further relief, including an award of attorney fees, costs, and interest, as deemed by the Court to be just and proper.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Belger Cartage Service, Inc. prays that the Court grant judgment in its favor and against Defendants, Matthew Bine and Queen Bee Honey Farm, LLC, on all claims pled herein. Plaintiff further requests an award of all attorney fees, costs,

and other damages incurred in connection with its claims in this case, together with such other and further relief as the Court deems to be just and proper.

Respectfully submitted,

Philip A. Schovanec, OBA No. 16303
Brian R. Matula, OBA No. 14778
100 N. Broadway, Suite 1700
Oklahoma City, OK 73102
Telephone: (405) 232-6521
pschovanec@fellerssnider.com
bmatula@fellerssnider.com
***Counsel for Plaintiff,***
***Belger Cartage Service, Inc.***