**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) BELGER CARTAGE SERVICE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:25-cv-01088-PRW |
| | ) | |
| (1) MATTHEW BINE and | ) | |
| (2) QUEEN BEE HONEY FARM, LLC, | ) | *Removed from the District Court* |
| | ) | *of Oklahoma County, Oklahoma* |
| Defendants. | ) | *Case No. CJ-2025-4829* |

**ANSWER AND COUNTERCLAIM**
**OF DEFENDANT QUEEN BEE HONEY FARM, LLC**

Defendant Queen Bee Honey Farm, LLC ("Queen Bee" or "Defendant"), hereby submits its Answer and Affirmative Defenses to Plaintiff Belger Cartage Service, Inc.'s, ("Plaintiff" or "Belger") Petition (the "Petition"). In so answering, Queen Bee is providing answers only as they pertain to Queen Bee and no other named defendants, and generally denies each of the factual allegations stated in Plaintiff's Petition, except where specifically admitted herein and only to the extent specifically admitted herein, and Queen Bee further states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Queen Bee is without sufficient information to admit or deny the allegations in Paragraph 1 of the Petition.

2. Paragraph 2 of the Petition does not pertain to Queen Bee and therefore no response is required; however, to the extent a response is required, Queen Bee denies the allegations in Paragraph 2 of the Petition.

3. Queen Bee admits that it is a Georgia limited liability company, admits that it purchased equipment located in Oklahoma and admits that it hired Plaintiff to pack and ship the equipment to the State of Georgia. The remaining allegations in Paragraph 3 are denied.

4. Queen Bee denies the allegations in paragraph 4 of the Petition. Queen Bee asserts that jurisdiction and venue is proper in the United States District Court for the Western District of Oklahoma under 28 U.S.C. §§ 1331, 1367, and 1446.

**FACTUAL BACKGROUND**

5. Queen Bee admits the allegations in paragraphs 5a-c of the Petition.

6. Queen Bee admits the allegations in paragraph 6 of the Petition.

7. Queen Bee denies the allegations in paragraph 7 of the Petition. Further, the document quoted in paragraph 7 of the Petition is not attached to the Petition and therefore Queen Bee lacks sufficient information to admit or deny the allegations in paragraph 7 of the Petition.

8. Queen Bee denies the allegations in paragraph 8 of the Petition. Further, the document quoted in paragraph 8 of the Petition is not attached to the Petition and therefore Queen Bee lacks sufficient information to admit or deny the allegations in paragraph 8 of the Petition.

9. Queen Bee denies the allegations in paragraph 9 of the Petition. Further, the document quoted in paragraph 9 of the Petition is not attached to the Petition and therefore Queen Bee lacks sufficient information to admit or deny the allegations in paragraph 9 of the Petition.

10. Queen Bee admits in part and denies in part the allegations in paragraph 10 of the Petition. Queen Bee admits Plaintiff packaged the equipment in Lawton, Oklahoma on or about May 22, 2025. Queen Bee denies that the work was performed as provided for in the Work Order, as the equipment was damaged. Queen Bee is without knowledge or information as to what Plaintiff did after it packaged the equipment and, therefore, to the extent a response is required, denies the allegation that Plaintiff returned to its place of business.

11. Queen Bee admits in part and denies in part the allegations of paragraph 11 of the Petition. Queen Bee admits it received an invoice for $1,688.50 from Plaintiff on or about May 23, 2025. Queen Bee denies that the invoice received is due and owing by Queen Bee to Plaintiff or that work was completed as contemplated by the Work Order. Further, to the extent the work was performed by Plaintiff, Queen Bee is entitled to offset its damages to the Equipment caused by Plaintiff from the invoice and Queen Bee's damages are estimated to be in excess of $1,688.50.

12. Queen Bee admits in part and denies in part the allegations of paragraph 12 of the Petition. Queen Bee admits the Equipment arrived in Georgia and was picked up by Queen Bee and that Queen Bee made complaints about the $1,688.50 invoice and the damage to the Equipment. Queen Bee denies that the first time it notified Belger the Equipment was damaged was after receiving the invoice.

13. Queen Bee objects to the allegations in paragraph 13 of the Petition pursuant to Fed. R. Evid. 408 and 12 O.S. § 12-2408. Subject to and without waiving any objections

and to the extent an answer is required, Queen Bee admits the allegations in paragraph 13 of the Petition.

14. Queen Bee denies the allegations in paragraph 14 of the Petition.

15. Queen Bee objects to the allegations in paragraph 15 of the Petition pursuant to Fed. R. Evid. 408 and 12 O.S. § 12-2408. Subject to and without waiving any objections and to the extent an answer is required, Queen Bee denies the allegations in paragraph 15 of the Petition.

## FIRST CAUSE OF ACTION

16. Paragraph 16 of the Petition contains no factual allegations and no response is required; to the extent a response is required Queen Bee reasserts herein its answers set forth above to paragraphs 1-15 of the Petition.

17. Queen Bee denies the allegations of paragraph 17 of the Petition.

18. Queen Bee denies in part and admits in part the allegations of paragraph 18 of the Petition. Queen Bee admits it is entitled to compensation from Plaintiff for damage that occurred to the Equipment and that it seeks a refund. Queen Bee denies the remaining allegations in paragraph 18.

19. Queen Bee denies the allegations in paragraph 19 of the Petition.

20. Paragraph 20 of the Petition is a claim for relief by Plaintiff and Queen Bee objects to the extent this seeks a legal conclusion. To the extent an answer is required, Queen Bee denies the allegations in paragraph 20 of the Petition.

## SECOND CAUSE OF ACTION

21. Paragraph 21 of the Petition contains no factual allegations and no response is required; to the extent a response is required Queen Bee reasserts herein its answers set forth above to paragraphs 1-20 of the Petition.

22. Queen Bee denies the allegations in paragraph 22 of the Petition.

23. Queen Bee denies the allegations in paragraph 23 of the Petition.

24. Paragraph 24 of the Petition is a claim for relief by Plaintiff and Queen Bee objects to the extent this seeks a legal conclusion. To the extent an answer is required, Queen Bee denies the allegations in paragraph 24 of the Petition.

## THIRD CAUSE OF ACTION

25. Paragraph 25 of the Petition contains no factual allegations and no response is required; to the extent a response is required Queen Bee reasserts herein its answers set forth above to paragraphs 1-24 of the Petition.

26. Queen Bee denies the allegations of paragraph 26 of the Petition.

27. Queen Bee denies the $1,688.50 invoice is owed to Plaintiff and therefore denies the allegations in paragraph 27 of the Petition.

28. Queen Bee denies the allegations in paragraph 28 of the Petition.

29. Paragraph 29 of the Petition is a claim for relief by Plaintiff and Queen Bee objects to the extent this seeks a legal conclusion. To the extent an answer is required, Queen Bee denies the allegations in paragraph 29.

## AFFIRMATIVE DEFENSES

By asserting the following defenses in this action, Defendant in no way accepts a burden of proof greater than that provided by substantive law regarding each defense, nor does Defendant accept a burden of proof in absence of such a burden of proof imposed by substantive law. For its affirmative defenses to the claims asserted against Defendant in this action, Defendant states as follows:

1. The claims against Defendant are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.

2. The claims against Defendant are barred, in whole or in part, because Plaintiff caused the damage to the equipment at issue and owes Defendant compensation for the same.

3. The claims against Defendant are barred, in whole or in part, because Plaintiff caused damage to the equipment at issue and Defendant is entitled to offset any alleged sums owed Plaintiff for the damage to the equipment and the amount of the damage to the equipment is in excess of the alleged amount owed to Plaintiff.

4. The claims against Defendant are barred, in whole or in part, because of the applicable statute of limitations for such claims.

5. The claims against Defendant are barred, in whole or in part, because of Plaintiff's failure to perform.

6. The claims against Defendant are barred, in whole or in part, because of Plaintiff's breach of the parties' agreements.

7. The claims against Defendant are barred, in whole or in part, because of a lack of formation of the agreements at issue and/or a lack or failure of consideration.

8. The claims against Defendant are barred, in whole or in part, because of a lack of a meeting of the minds between the parties.

9. The claims against Defendant are barred, in whole or in part, because of Plaintiff's material misrepresentations.

10. The claims against Defendant are barred, in whole or in part, because of estoppel.

11. The claims against Defendant are barred, in whole or in part, because of waiver by Plaintiff.

12. The claims against Defendant are barred, in whole or in part, because of Plaintiff's unclean hands.

13. The claims against Defendant are barred, in whole or in part, because Plaintiff's state law claims are preempted by federal law, namely 49 U.S.C. § 14706, *et seq*.

## QUEEN BEE HONEY FARM, LLC'S COUNTERCLAIM AGAINST PLAINTIFF BELGER CARTAGE SERVICE, INC.

Defendant and Counter-Plaintiff, Queen Bee Honey Harm, LLC ("Queen Bee") hereby asserts its Counterclaim against Plaintiff Belger Cartage Service, Inc. ("Belger"), and alleges and states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Defendant and Counter-Plaintiff Queen Bee Honey Farm, LLC is a Georgia

limited liability company having a principal place of business in the State of Georgia.

2. Plaintiff and Counter-Defendant Belger Cartage Service, Inc., is a Missouri corporation registered to do business in the State of Oklahoma.

3. This Court has jurisdiction over the parties, and this matter, and venue is proper. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it involves a federal question. Specifically, the Federal Motor Carrier Act and the Federal Carmack Amendment (which provides a uniform system of carrier liability to shippers for loss of or damage to goods in interstate commerce). The Federal Carmack Amendment is codified in various sections of Title 49 of the United States Code, including particularly, at 49 U.S.C. § 14706.

4. Queen Bee asserts via this Counterclaim causes of action against Belger for violations and damages under the Carmack Amendment, namely 49 U.S.C. § 14706, and causes of action for Declaratory Judgment, Negligence, and Breach of Contract arising out of the packaging, interstate transportation, and delivery of certain equipment purchased by Queen Bee. Belger is a registered carrier/broker with the United States Department of Transportation, having United States Department of Transportation No. 64159.

5. Likewise, Queen Bee asserts via its separately filed Third-Party Petition causes of action against Estes Express Lines ("Estes") for violations and damages under the Carmack Amendment, namely 49 U.S.C. § 14706, and causes of action for Declaratory Judgment, Negligence and Breach of Contract arising out of the packaging, interstate transportation and delivery of certain equipment purchased by Queen Bee. Third-Party Defendant Estes is a registered carrier/broker with the United States Department of

Transportation, having United States Department of Transportation No. 121018.

6. The equipment at issue was packaged by Belger and secured to a motor carrier truck for interstate transportation. The equipment was then secured and transported by Estes across state lines from Oklahoma to Georgia. Upon delivery of said equipment to the destination in Georgia it was discovered by Queen Bee that the equipment had been damaged.

7. A state court action was filed by Plaintiff Belger Cartage Service, Inc. in the District Court of Oklahoma County, Oklahoma, styled as *Belger Cartage Service, Inc. v. Matthew Bine and Queen Bee Honey Farm, LLC*; Case No. CJ-25-4829. The state court action was removed by Defendant/Third-Party Plaintiff to this Court on September 19, 2025. See Doc. No. 1.

## FACTUAL BACKGROUND

8. On or about April 24, 2025, Queen Bee purchased several items of equipment from Cosmetic Specialty Labs (the "Seller") in Lawton, Oklahoma, through an online auction conducted by Winternitz auction (the "Auction"). The items of purchase included:

a. One (1) 20,000 lb. capacity Dock Plate;

b. One (1) 4,000 lb. capacity Westil Manuf. Stretcher Wrapper; and

c. Three (3) Videojet Model 1580 Ink Jet Coders (the "Videojet Printers") (together the "Equipment").

9. The Equipment was purchased by Queen Bee from Seller in good condition.

10. Queen Bee hired Plaintiff Belger, who is registered as a carrier by the United States Department of Transportation ("USDOT"), having USDOT No. 64159, to

professionally package and load the Equipment onto a motor carrier truck for interstate transportation from Oklahoma to Georgia.

11. Queen Bee also hired Third-Party Defendant Estes, who is registered as a carrier/broker by USDOT, having USDOT No. 121018, to professionally load, secure and transport the Equipment by motor carrier truck from Oklahoma to Georgia.

12. The Equipment was packaged and secured to a motor carrier truck in Oklahoma for interstate transportation by Plaintiff Belger. The Equipment was then secured by Estes in Oklahoma to the motor carrier truck and transported by Estes across state lines from Oklahoma to Georgia.

13. Upon delivery of said equipment to the destination in Georgia, it was discovered by Queen Bee that certain of the Equipment had been damaged. The damage to the Equipment was caused by the improper and/or negligent acts and omissions of either or both of Belger Cartage and Estes.

14. Queen Bee has made demand upon both Belger and Estes to compensate Queen Bee for the damage to the Equipment.

**COUNT I**
**(Violations of the Federal Motor Carrier Act and the Federal Carmack Amendment, 49 U.S.C. § 14706, against Belger)**

15. Queen Bee re-states, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs, and further states as follows.

16. The Equipment was in good condition upon Belger's arrival at the Equipment.

17. Certain of the Equipment was damaged when delivered to Queen Bee at the

destination in Georgia. One item of Equipment was damaged beyond repair, and three other items of Equipment were damaged and repaired by Queen Bee.

18. The damage to the Equipment was caused by the negligent and/or improper acts or omissions of Belger in packaging, securing, and/or loading Equipment.

19. Queen Bee has suffered damage as a result of the damage to the Equipment.

20. Queen Bee has made a demand and claim upon Belger for compensation for the damage.

21. Under the Federal Carmack Amendment, 49 U.S.C. § 14706, Belger is liable for and responsible to Queen Bee for the damage to the Equipment. Under 49 U.S.C. § 14706 Belger is required to compensate Queen Bee for the actual loss or injury to the Equipment.

22. Queen Bee requests this Court enter judgment in its favor on its claim for violations of the Carmack Amendment, 49 U.S.C. § 14706, and for an award of damages, in an amount to be established at trial. Queen Bee also requests recovery of its costs and attorneys' fees incurred in bringing this action under 28 U.S.C. § 2412, as well as such other relief as may be just and proper.

**COUNT II**
**(Declaratory Judgment, 28 U.S.C. § 2201, against Belger)**

23. Queen Bee re-states, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs, and further states as follows.

24. A dispute and controversy exists between Queen Bee and Belger as to the liability, obligation and damages that Belger is required to pay Queen Bee for the damage

to the Equipment.

25. In order to properly resolve the present dispute and controversy, Queen Bee requests a declaratory judgment from this Court, pursuant to 28 U.S.C. § 2201, as to the parties' rights, obligations and liabilities related to the damaged Equipment, including a ruling on whether Belger is obligated to pay Queen Bee for the damage to the Equipment during the transport of the Equipment. Queen Bee also requests recovery of its costs and attorneys' fees incurred in bringing this action under 28 U.S.C. § 2412, as well as such other relief as may be just and proper.

**COUNT III**
**(Negligence, Oklahoma law, against Belger)**

26. Queen Bee re-states, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs, and further states as follows.

27. The Equipment was in good condition when Belger arrived at the Equipment.

28. Certain of the Equipment was damaged when delivered to Queen Bee in Georgia. One item of Equipment was damaged beyond repair, and three other items of Equipment were damaged and repaired by Queen Bee.

29. Belger had a duty to care for the Equipment in a reasonably prudent manner.

30. Belger breached its duty, resulting in damage.

31. The damage to the Equipment was caused by the negligent acts or omissions of Belger in packaging, securing, and/or loading the Equipment.

32. The negligence of Belger was a direct cause of the damage to the Equipment.

33. Queen Bee has suffered damage as a result of the damage to the Equipment.

34. Queen Bee has made a demand and claim upon Belger for compensation for the damage.

35. Queen Bee requests that the Court enter judgment in its favor on its claim of negligence and for an award of damages, in an amount to be established at trial. Queen Bee also requests recovery of its costs and attorneys' fees incurred in bringing this action under 12 O.S. § 940, as well as such other relief as may be just and proper.

**COUNT IV**
**(Breach of Contract, Oklahoma law, against Belger)**

36. Queen Bee re-states, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs, and further states as follows.

37. Queen Bee and Belger entered into an agreement for Belger to package, secure, and/or load the Equipment.

38. The Equipment was in good condition at the time Belger packaged, secured, and/or loaded the Equipment.

39. Upon delivery of the Equipment to the destination in Georgia, it was discovered that the Equipment had been damaged.

40. Belger has breached the parties' agreement by failing to properly package, secure, and/or load the Equipment in a manner to prevent damage.

41. Queen Bee requests that the Court enter judgment in its favor on its claim of breach of contract and for an award of damages, in an amount to be established at trial. Queen Bee also requests recovery of its costs and attorneys' fees incurred in bringing this action under 12 O.S. § 940, as well as such other relief as may be just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Queen Bee respectfully requests that this Court enter judgment against Belger as follows:

a. on its claim for violations of the of the Federal Motor Carrier Act and the Federal Carmack Amendment, 49 U.S.C. § 14706, under Count I, Queen Bee has been damaged by the unlawful conduct of Belger and is entitled to a: (i) judgment in its favor on its claim for violations of the Carmack Amendment, 49 U.S.C. § 14706; (ii) an award of damages, in an amount to be established at trial; (iii) recovery of its costs and attorneys' fees incurred in bring this action under 28 U.S.C. § 2412; and (iv) such other relief as may be just and proper;

b. on its claim for Declaratory Judgment, 28 U.S.C. § 2201, under Count II, Queen Bee is entitled to a: (i) declaratory judgment from this Court, pursuant to 28 U.S.C. § 2201, as to the parties' rights, obligations and liabilities related to the damaged Equipment, including a ruling on whether Belger is obligated to pay Queen Bee for the damage to the Equipment during the transport of the Equipment; (ii) recovery of its costs and attorneys' fees incurred in bring this action under 28 U.S.C. § 2412; and (iii) such other relief as may be just and proper;

c. on its claim for negligence, under Oklahoma law, under Count III, Queen Bee is entitled to a: (i) judgment in its favor on its claim of negligence; (ii) an award of damages, in an amount to be established at trial; (iii) recovery of its costs and attorneys' fees incurred in bring this action under 12 O.S. § 940; and (iv) such other relief as may be just and proper;

d. on its claim for breach of contract, under Oklahoma law, under Count IV, Queen Bee is entitled to a: (i) judgment in its favor on its claim of breach of contract; (ii) an award of damages, in an amount to be established at trial; (iii) recovery of its costs and attorneys' fees incurred in bring this action under 12 O.S. § 940; and (iv) such other relief as may be just and proper; and

e. for all other equitable relief to which Queen Bee is entitled.

Respectfully submitted,

**DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.**

By: *s/D. Ward Hobson*
D. Ward Hobson, OBA No. 21698
Meagon R. Eagon, OBA No. 33165
210 Park Avenue, Suite 1200
Oklahoma City, Oklahoma 73102
Telephone: (405) 319-3500
Facsimile: (405) 319-3509
E-mail: whobson@dsda.com
E-mail: meagon@dsda.com
***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2025, I electronically filed the foregoing document with the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing.

*s/D. Ward Hobson*
D. Ward Hobson