**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) BELGER CARTAGE SERVICE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>(1) MATTHEW BINE and<br>(2) QUEEN BEE HONEY FARM, LLC,<br><br>Defendants. | Case No. 5:25-cv-01088-PRW<br><br>*Removed from the District Court of Oklahoma County, Oklahoma Case No. CJ-2025-4829* |
| (1) QUEEN BEE HONEY FARM, LLC,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>(1) ESTES EXPRESS LINES,<br><br>Third-Party Defendant. | |

**QUEEN BEE HONEY FARM, LLC'S THIRD-PARTY COMPLAINT AGAINST ESTES EXPRESS LINES**

For its Third-Party Complaint against Estes Express Lines, Defendant/Third-Party Plaintiff Queen Bee Honey Farm, LLC alleges, and states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Third-Party Plaintiff Queen Bee Honey Farm, LLC ("Queen Bee") is a Georgia limited liability company having a principal place of business in the State of Georgia.

2. Third-Party Defendant Estes Express Lines ("Estes") is a Virginia corporation registered to do business in the State of Oklahoma. Estes has a physical address

of 3901 W. Broad St., Richmond, VA 23230. Estes conducts business in the State of Oklahoma and may be served with process by service upon its registered agent in the State of Oklahoma the Corporation Service Company, having an address of 10300 Greenbriar Place, Oklahoma City, OK 73159-7653.

3. This Court has jurisdiction over the parties, and this matter, and venue is proper. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it involves a federal question. Specifically, the Federal Motor Carrier Act and the Federal Carmack Amendment (which provides a uniform system of carrier liability to shippers for loss of or damage to goods in interstate commerce). The Federal Carmack Amendment is codified in various sections of Title 49 of the United States Code, including particularly, at 49 U.S.C. § 14706.

4. Third-Party Plaintiff/Defendant Queen Bee asserts via this Third-Party Complaint causes of action against Third-Party Defendant Estes for violations and damages under the Carmack Amendment, namely 49 U.S.C. § 14706, and causes of action for Declaratory Judgment, Negligence and Breach of Contract arising out of the packaging, interstate transportation and delivery of certain equipment purchased by Defendant Queen Bee. Third-Party Defendant Estes is a registered carrier/broker with the United States Department of Transportation, having United States Department of Transportation No. 121018.

5. Likewise, Third-Party Plaintiff/Defendant Queen Bee asserts via its separately filed Answer and Counterclaim causes of action against Plaintiff Belger Cartage Services, Inc. for violations and damages under the Carmack Amendment, namely 49

U.S.C. § 14706, and causes of action for Declaratory Judgment, Negligence and Breach of Contract arising out of the packaging, interstate transportation and delivery of certain equipment purchased by Defendant Queen Bee. Plaintiff Belger Cartage Services, Inc. is a registered carrier with the United States Department of Transportation, having United States Department of Transportation No. 64159.

6. The equipment at issue was packaged by Plaintiff Belger Cartage Services, Inc. and secured to a motor carrier truck for interstate transportation. The equipment was then secured and transported by Estes across state lines from Oklahoma to Georgia. Upon delivery of said equipment to the destination in Georgia, it was discovered by Queen Bee that the equipment had been damaged.

7. A state court action was filed by Plaintiff Belger Cartage Service, Inc. in the District Court of Oklahoma County, Oklahoma, styled as *Belger Cartage Service, Inc. v. Matthew Bine and Queen Bee Honey Farm, LLC*; Case No. CJ-25-4829. The state court action was removed by Defendant/Third-Party Plaintiff to this Court on September 19, 2025. See Doc. No. 1.

## FACTUAL BACKGROUND

8. On or about April 24, 2025, Queen Bee purchased several items of equipment from Cosmetic Specialty Labs (the "Seller") in Lawton, Oklahoma, through an online auction conducted by Winternitz auction (the "Auction"). The items of purchase included:

a. One (1) 20,000 lb. capacity Dock Plate;

b. One (1) 4,000 lb. capacity Westil Manuf. Stretcher Wrapper; and

c. Three (3) Videojet Model 1580 Ink Jet Coders (the "Videojet Printers") (together

the "Equipment").

9. The Equipment was purchased by Queen Bee from Seller in good condition.

10. Queen Bee hired Plaintiff Belger Cartage Service, Inc. ("Belger"), who is registered as a carrier by the United States Department of Transportation ("USDOT"), having USDOT No. 64159, to professionally package and load the Equipment onto a motor carrier truck for interstate transportation from Oklahoma to Georgia.

11. Queen Bee also hired Third-Party Defendant Estes, who is registered as a carrier/broker by USDOT, having USDOT No. 121018, to professionally load, secure and transport the Equipment by motor carrier truck from Oklahoma to Georgia.

12. The Equipment was packaged and secured to a motor carrier truck in Oklahoma for interstate transportation by Plaintiff Belger. The Equipment was then secured by Estes in Oklahoma to the motor carrier truck and transported by Estes across state lines from Oklahoma to Georgia.

13. Upon delivery of said equipment to the destination in Georgia it was discovered by Queen Bee that certain of the Equipment had been damaged. The damage to the Equipment was caused by the improper and/or negligent acts and omissions of either or both of Belger Cartage and Estes.

14. Queen Bee has made demand upon both Belger and Estes to compensate Queen Bee for the damage to the Equipment.

**COUNT I**
**(Violations of the Federal Motor Carrier Act and the Federal Carmack Amendment, 49 U.S.C. § 14706, against Third-Party Defendant Estes)**

15. Third-Party Plaintiff Queen Bee re-states, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs, and further states as follows.

16. The Equipment was in good condition when provided to Estes and/or Belger in Oklahoma for shipment.

17. Certain of the Equipment was damaged when delivered to Queen Bee by Estes at the destination in Georgia. One item of Equipment was damaged beyond repair, and three other items of Equipment were damaged and repaired by Queen Bee.

18. The damage to the Equipment was caused by the negligent and/or improper acts or omissions of Estes in securing, loading and/or transporting the Equipment from Oklahoma to Georgia.

19. Queen Bee has suffered damage as a result of the damage to the Equipment.

20. Queen Bee has made a demand and claim upon Estes for compensation for the damage.

21. Under the Federal Carmack Amendment, 49 U.S.C. § 14706 Estes is liable for and responsible to Queen Bee for the damage to the Equipment. Under 49 U.S.C. § 14706 Estes is required to compensate Queen Bee for the actual loss or injury to the Equipment.

22. Queen Bee requests that the Court enter judgment in its favor on its claim for violations of the Carmack Amendment, 49 U.S.C. § 14706, and for an award of damages, in an amount to be established at trial. Queen Bee also requests recovery of its costs and attorneys' fees incurred in bring this action under 28 U.S.C. § 2412, as well as such other

relief as may be just and proper.

**COUNT II**
**(Declaratory Judgment, 28 U.S.C. § 2201, against Third-Party Defendant Estes)**

23. Third-Party Plaintiff Queen Bee re-states, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs, and further states as follows.

24. A dispute and controversy exists between Queen Bee and Estes as to the liability, obligation and damages that Estes is required to pay Queen Bee for the damage to the Equipment.

25. In order to properly resolve the present dispute and controversy, Queen Bee requests a declaratory judgment from this Court, pursuant to 28 U.S.C. § 2201, as to the parties' rights, obligations and liabilities related to the damaged Equipment, including a ruling on whether Estes is obligated to pay Queen Bee for the damage to the Equipment during the transport of the Equipment. Queen Bee also requests recovery of its costs and attorneys' fees incurred in bringing this action under 28 U.S.C. § 2412, as well as such other relief as may be just and proper.

**COUNT III**
**(Negligence, Oklahoma law, against Third-Party Defendant Estes)**

26. Third-Party Plaintiff Queen Bee re-states, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs, and further states as follows.

27. The Equipment was in good condition when delivered to Estes in Oklahoma for shipment.

28. Certain of the Equipment was damaged when delivered to Queen Bee by Estes at the destination in Georgia. One item of Equipment was damaged beyond repair, and three other items of Equipment were damaged and repaired by Queen Bee.

29. Estes had a duty to secure and transport the Equipment in a reasonably prudent manner.

30. Estes breached its duty, which resulted in damage. The damage to the Equipment was caused by the negligent acts or omissions of Estes in securing, loading and/or transporting the Equipment from Oklahoma to Georgia.

31. The negligence of Estes was a direct cause of the damage to the Equipment.

32. Queen Bee has suffered damage as a result of the damage to the Equipment.

33. Queen Bee has made a demand and claim upon Estes for compensation for the damage.

34. Queen Bee requests that the Court enter judgment in its favor on its claim of negligence and for an award of damages, in an amount to be established at trial. Queen Bee also requests recovery of its costs and attorneys' fees incurred in bringing this action under 12 O.S. § 940 (A), as well as such other relief as may be just and proper.

**COUNT IV**
**(Breach of Contract, Oklahoma law, against Third-Party Defendant Estes)**

35. Third-Party Plaintiff Queen Bee re-states, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs, and further states as follows.

36. Queen Bee and Estes entered into an agreement for Estes to transport the

Equipment from Oklahoma to Georgia.

37. The Equipment was delivered to Estes in good condition. Estes secured the Equipment to a motor carrier truck and transported the Equipment from Oklahoma to Georgia.

38. Upon delivery of the Equipment to the destination in Georgia, it was discovered that the Equipment had been damaged.

39. Estes has breached the parties' agreement by failing to deliver the Equipment to the delivery destination in good condition and by causing damage to the Equipment.

40. Queen Bee requests that the Court enter judgment in its favor on its claim of breach of contract and for an award of damages, in an amount to be established at trial. Queen Bee also requests recovery of its costs and attorneys' fees incurred in bringing this action under 12 O.S. § 940 (A), as well as such other relief as may be just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Third-Party Plaintiff/Defendant Queen Bee respectfully requests that this Court enter judgment against Third-Party Defendant Estes as follows:

a. on its claim for violations of the of the Federal Motor Carrier Act and the Federal Carmack Amendment, 49 U.S.C. § 14706, under Count I, Queen Bee has been damaged by the unlawful conduct of Estes and is entitled to a: (i) judgment in its favor on its claim for violations of the Carmack Amendment, 49 U.S.C. § 14706; (ii) an award of damages, in an amount to be established at trial; (iii) recovery of its costs and attorneys' fees incurred in bring this action under 28 U.S.C. § 2412; and (iv) such other relief as may be just and proper;

b. on its claim for Declaratory Judgment, 28 U.S.C. § 2201, under Count II, Queen Bee is entitled to a: (i) declaratory judgment from this Court, pursuant to 28 U.S.C. § 2201, as to the parties' rights, obligations and liabilities related to the damaged Equipment, including a ruling on whether Estes is obligated to pay Queen Bee for the damage to the Equipment during the transport of the Equipment; (ii) recovery of its costs and attorneys' fees incurred in bring this action under 28 U.S.C. § 2412; and (iii) such other relief as may be just and proper;

c. on its claim for negligence, under Oklahoma law, under Count III, Queen Bee is entitled to a: (i) judgment in its favor on its claim of negligence; (ii) an award of damages, in an amount to be established at trial; (iii) recovery of its costs and attorneys' fees incurred in bring this action under 12 O.S. § 940 (A); and (iv) such other relief as may be just and proper;

d. on its claim for breach of contract, under Oklahoma law, under Count IV, Queen Bee is entitled to a: (i) judgment in its favor on its claim of breach of contract; (ii) an award of damages, in an amount to be established at trial; (iii) recovery of its costs and attorneys' fees incurred in bring this action under 12 O.S. § 940 (A); and (iv) such other relief as may be just and proper; and

e. for all other equitable relief to which Queen Bee is entitled.

Respectfully submitted,

**DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.**

By: s/D. Ward Hobson
D. Ward Hobson, OBA No. 21698
Meagon R. Eagon, OBA No. 33165
210 Park Avenue, Suite 1200
Oklahoma City, Oklahoma 73102
Telephone: (405) 319-3500
E-mail: whobson@dsda.com
E-mail: meagon@dsda.com

***Attorneys for Defendants and Third-Party Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2025, I electronically filed the foregoing document with the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

s/D. Ward Hobson
D. Ward Hobson

8565009.1