**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **(1) BELGER CARTAGE SERVICE, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**(1) MATTHEW BINE and**<br>**(2) QUEEN BEE HONEY FARMS, LLC,**<br><br>**Defendants.** | **Case No. 5:25-cv-01088-PRW** |

**PLAINTIFF'S ANSWER TO COUNTERCLAIM**
**OF DEFENDANT, QUEEN BEE HONEY FARM, LLC**

**COMES NOW** Plaintiff and Counterclaim Defendant, Belger Cartage Service, Inc. ("Plaintiff"), and for its Answer to the allegations contained in the Counterclaim of Defendant and Counterclaimant, Queen Bee Honey Farm, LLC ("Defendant"), denies each and every material allegation contained therein except as specifically admitted below. For further answer, Plaintiff states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. In response to the allegations in Paragraph 1 of the Counterclaim, Plaintiff is without specific knowledge or information sufficient to form a belief as to the truth of the allegations therein, and as such they are denied.

2. Plaintiff admits the allegations in Paragraph 2 of the Counterclaim.

3. In response to the allegations in Paragraph 3 of the Counterclaim, Plaintiff asserts the allegations therein constitute or require legal conclusions to which no response is required, and to the extent they constitute allegations of fact, they are denied.

4. In response to the allegations in Paragraph 4 of the Counterclaim, Plaintiff asserts the allegations therein constitute or require legal conclusions to which no response is required, and to the extent they constitute allegations of fact, they are denied.

5. In response to the allegations in Paragraph 5 of the Counterclaim, Plaintiff asserts the allegations therein constitute or require legal conclusions to which no response is required, and to the extent they constitute allegations of fact, they are denied.

6. In response to the allegations in Paragraph 6 of the Counterclaim, Plaintiff admits it palleted and loaded the referenced equipment in a motor carrier truck selected by Defendant, but states it is without sufficient information as to when, if, or how the equipment was damaged, or when Defendant may have discovered such alleged damage, and as such denies same.

7. Plaintiff admits the allegations in Paragraph 7 of the Counterclaim.

**FACTUAL BACKGROUND**

8. In response to the allegations in Paragraph 8 of the Counterclaim, Plaintiff admits that several items of equipment were purchased at an auction in Lawton, Oklahoma, but denies the equipment was purchased by Queen Bee and not Matthew Bine.

9. In response to the allegations in Paragraph 9 of the Counterclaim, Plaintiff denies the referenced equipment was purchased by Queen Bee and not Matthew Bine and/or that the equipment was purchased in good condition.

10. In response to the allegations in Paragraph 10 of the Counterclaim, Plaintiff admits it was hired to pallet and load the referenced equipment in a motor carrier truck selected by Defendant.

11. Plaintiff admits the allegations in Paragraph 11 of the Counterclaim.

12. In response to the allegations in Paragraph 12 of the Counterclaim, Plaintiff admits it palleted and loaded the referenced equipment in a motor carrier truck selected by Defendant, but denies it was requested or required to secure the equipment once loaded in such motor carrier truck. Plaintiff denies any other allegation in Paragraph 12 in addition to or inconsistent with the foregoing.

13. In response to the allegations in Paragraph 13 of the Counterclaim, Plaintiff is without specific knowledge or information sufficient to form a belief as to when Defendant claims to have discovered the referenced equipment was allegedly damaged, and as such denies same. Plaintiff further denies the remaining allegations in Paragraph 13, including that any alleged damage to the equipment was caused by Plaintiff.

14. In response to the allegations in Paragraph 14 of the Counterclaim, Plaintiff denies that Queen Bee made demand on Plaintiff, and is without knowledge or information sufficient to form a belief as to whether a demand was made on Estes, and as such denies same.

**COUNT I**
**(Violation of the Federal Motor Carrier Act and the Federal Carmack Amendment, 49 U.S.C. §14706, against Belger)**

15. In response to the allegations in Paragraph 15 of the Counterclaim, Plaintiff restates and realleges its foregoing responses to Defendant's allegations.

16. Plaintiff denies the allegations in Paragraph 16 of the Counterclaim.

17. Plaintiff denies the allegations in Paragraph 17 of the Counterclaim.

18. Plaintiff denies the allegations in Paragraph 18 of the Counterclaim.

19. In response to the allegations in Paragraph 19 of the Counterclaim, Plaintiff asserts the allegations therein constitute or require legal conclusions to which no response is required, and to the extent they constitute allegations of fact, they are denied.

20. Plaintiff denies the allegations in Paragraph 20 of the Counterclaim.

21. In response to the allegations in Paragraph 21 of the Counterclaim, Plaintiff asserts the allegations therein constitute or require legal conclusions to which no response is required, and to the extent they constitute allegations of fact, they are denied.

22. In response to the allegations in Paragraph 22 of the Counterclaim, Plaintiff asserts the allegations therein constitute or require legal conclusions to which no response is required, and to the extent they constitute allegations of fact, they are denied.

**COUNT II**
**(Declaratory Judgment, 28 U.S.C. § 2201, against Belger)**

23. In response to the allegations in Paragraph 23 of the Counterclaim, Plaintiff restates and realleges its foregoing responses to Defendant's allegations.

24. In response to the allegations in Paragraph 24 of the Counterclaim, Plaintiff admits that a dispute exists between the parties in relation to the equipment, but further asserts the remaining allegations in Paragraph 24 constitute or require legal conclusions to which no response is required, and to the extent they constitute allegations of fact, they are denied.

25. In response to the allegations in Paragraph 25 of the Counterclaim, Plaintiff admits a dispute exists between Plaintiff and Defendant, but states the remaining

allegations therein constitute or require legal conclusions to which no response is required, and to the extent they constitute allegations of fact, they are denied.

**COUNT III**
**(Negligence, Oklahoma Law, against Belger)**

26. In response to the allegations in Paragraph 26 of the Counterclaim, Plaintiff restates and realleges its foregoing responses to Defendant's allegations.

27. Plaintiff denies the allegations in Paragraph 27 of the Counterclaim.

28. Plaintiff denies the allegations in Paragraph 28 of the Counterclaim.

29. In response to the allegations in Paragraph 29 of the Counterclaim, Plaintiff asserts the allegations therein constitute or require legal conclusions to which no response is required, and to the extent they constitute allegations of fact, they are denied.

30. Plaintiff denies the allegations in Paragraph 30 of the Counterclaim.

31. Plaintiff denies the allegations in Paragraph 31 of the Counterclaim.

32. Plaintiff denies the allegations in Paragraph 32 of the Counterclaim.

33. In response to the allegations in Paragraph 33 of the Counterclaim, Plaintiff asserts the allegations therein constitute or require legal conclusions to which no response is required, and to the extent they constitute allegations of fact, they are denied.

34. Plaintiff denies the allegations in Paragraph 34 of the Counterclaim.

35. In response to the allegations in Paragraph 35 of the Counterclaim, Plaintiff asserts the allegations therein constitute or require legal conclusions to which no response is required, and to the extent they constitute allegations of fact, they are denied.

**COUNT IV**
**(Breach of Contract, Oklahoma Law, against Belger)**

36. In response to the allegations in Paragraph 36 of the Counterclaim, Plaintiff restates and realleges its foregoing responses to Defendant's allegations.

37. In response to the allegations in Paragraph 37 of the Counterclaims, Plaintiff admits it agreed to palletize and load the referenced equipment in the motor carrier truck selected by Defendant, but denies any allegation in said paragraph in addition to or inconsistent with the foregoing.

38. Plaintiff denies the allegations in Paragraph 38 of the Counterclaim.

39. In response to the allegations in Paragraph 39 of the Counterclaim, Plaintiff states it is without specific knowledge or information sufficient to form a belief as to when Defendant claims to have discovered the referenced equipment may have been damaged and as such denies same. Plaintiff further denies the remaining allegations in Paragraph 39, including that any such damage was caused by Plaintiff.

40. In response to the allegations in Paragraph 40 of the Counterclaim, Plaintiff asserts the allegations therein constitute or require legal conclusions to which no response is required, and to the extent they constitute allegations of fact, they are denied.

41. In response to the allegations in Paragraph 41 of the Counterclaim, Plaintiff asserts the allegations therein constitute or require legal conclusions to which no response is required, and to the extent they constitute allegations of fact, they are denied.

**AFFIRMATIVE AND OTHER DEFENSES**

Plaintiff, for its affirmative and other defenses to the allegations in Plaintiffs' Petition, states and alleges:

42. Defendant's Counterclaims fail to state a claim upon which relief may be granted.

43. Defendant's Counterclaims are barred, in whole or in part, by the doctrines of laches, limitations, estoppel, waiver, ratification, acceptance, unclean hands, bad faith, acquiesce, and/or consent.

44. Defendant's Counterclaims are barred, in whole or part, based on Defendant's own doing, misconduct, failure of performance or condition precedent, right of setoff, and/or Plaintiff's full performance or accord and satisfaction.

45. Plaintiff adopts and incorporates any Affirmative Defense asserted by any other party to this action.

46. Plaintiff reserves the right to amend and assert any other matter constituting an avoidance or affirmative defense as discovery progresses.

47. By alleging the matters set forth above under the heading "Affirmative and other Defenses," Defendant does not allege or admit it has either the burden of proof or the burden of persuasion with respect to any of such matters.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Belger Cartage Service, Inc., having fully answered each allegation set forth in the Counterclaim of Defendant Queen Bee Honey Farm, LLC, prays that judgment be entered in favor of the Plaintiff and against Defendant, that Defendant

take nothing by virtue of the allegations contained in its Counterclaim or as requested in its Prayer for Relief, and that Plaintiff be awarded its costs, a reasonable attorney's fees, and such other and further relief as this Court deems to be just and equitable.

Respectfully submitted,

/s/ Philip A. Schovanec
Philip A. Schovanec, OBA No. 16303
Brian R. Matula, OBA No. 14778
FELLERS SNIDER, P.C.
100 Broadway, Suite 1700
Oklahoma City, OK 73102-8820
Telephone: (405) 232-0621
pschovanec@fellerssnider.com
bmatula@fellerssnider.com
*Counsel for Plaintiff,*
*Belger Cartage Service, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2025, a true and correct copy of the above and foregoing document was electronically transmitted to the Court Clerk using the ECF system of filing, which will transmit a Notice of Electronic Filing to the following ECF registrant(s):

| | |
|---|---|
| D. Ward Hobson<br>Meagon R. Eagon<br>Doerner Saunders Daniel & Anderson, L.L.P.<br>210 Park Ave., Suite 1200<br>Oklahoma City, OK 73102-5603<br>whobson@dsda.com<br>meagon@dsda.com<br>*Attorneys for Defendants, Matthew Bine and Queen Bee Honey Farm, LLC* | ☐ U.S. Mail -Regular ☐ Electronic Mail<br>☐ U.S. Mail – Certified ☐ Facsimile<br>☐ Hand-Delivery ☐ Overnight Delivery<br>☒ Transmitted via ECF Filing System |

/s/ Philip A. Schovanec
Philip A. Schovanec